UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM G. CARTER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 4:06CV01466 ERW |
| CHRIS CHAMBERLIN, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Chris Chamberlin's ("Defendant") Motion to Dismiss Plaintiff's Complaint [doc. #8].

**I.     BACKGROUND**

William G. Carter ("Plaintiff") is committed as a sexually violent predator to the Missouri Sexual Offender Treatment Center ("MSOTC") in Farmington, Missouri, pursuant to Missouri's Sexually Violent Predators Act, Mo. Rev. Stat. §§ 632.480-513. Defendant is, and was at the time of the alleged incident, an employee at MSOTC.

Plaintiff alleges that on September 28, 2006, Defendant conducted a pat-down search on three residents, including himself. During the search, Plaintiff claims that Defendant touched his genital area. As a result, Plaintiff claims that he has suffered emotional distress and extreme headaches. On September 29, 2006, Plaintiff filed a Complaint under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, alleging that Defendant violated his rights under the Fourth, Fifth, and Fourteenth Amendments and Mo. Rev. Stat. § 630.115. [doc. #3]. Plaintiff seeks to recover equitable relief

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and monetary damages in the amount of $67,320.12. Defendant responded by filing a Motion to Dismiss on March 15, 2007. [doc. #8].

**II.    LEGAL STANDARD**

A complaint should be dismissed for failure to state a claim when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999) (*citing Summit Health Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991)). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002). Additionally, the allegations in the complaint must be viewed in the light most favorable to the plaintiff. *Casazza*, 313 F.3d at 418 (*citing Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995)). Finally, dismissal under Rule 12(b)(6) should be granted "'only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief.'" *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (*quoting Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

**III.   DISCUSSION**

The Court notes that Plaintiff has previously filed a very similar complaint involving nearly identical facts, however, this complaint was brought against a different defendant and arose out of

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

a completely separate incident.[1] *Carter v. Hassel*, No. 4:05CV02259 DDN (E.D. Mo. Nov. 23, 2005) (memorandum and order). That lawsuit was dismissed for failure to state a claim. *Id.* This suit will also be dismissed, for both failure to state a claim upon which relief may be granted, and because the Defendant is entitled to qualified immunity. Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.

In order to prevail under Section 1983, Plaintiff must establish a violation of constitutional rights by a person or persons acting under color of state law. *See* 42 U.S.C. § 1983. Section 1983 provides a means by which one may vindicate "'federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 394 (1989) (*quoting Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). As a result, the first inquiry a court must take is to identify "the specific constitutional right allegedly infringed." *Graham*, 490 U.S. at 394 (*quoting Baker*, 443 U.S. at 140). In this claim, Plaintiff alleges violations of his Fourth, Fifth, and Fourteenth Amendments, however, only the Fourth Amendment applies. Plaintiff's complaint is based on what he alleges was "inappropriate touching" during a "pat search." [doc. #8]. The Fourth Amendment covers "searches and seizures" and provides the appropriate constitutional framework for the Court's analysis of whether Plaintiff's constitutional rights have been violated. *County of Sacramento v. Lewis*, 523 U.S. 83 3, 833 (1998). "If a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under substantive due process." As a result, the Court will analyze this claim under the framework established by the Fourth Amendment rather than the Fifth or Fourteenth Amendments.

---

[1] Plaintiff has filed a total of thirteen law suits in this Court.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Fourth Amendment prohibits "unreasonable" searches. *United States v. Williams*, 477 F.3d 974, 975 (8th Cir. 2007). In order to determine the reasonableness of a particular search, this Court must balance "'the need for the particular search against the invasion of personal rights.'" *Id*. (*quoting Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). In determining the reasonableness of a particular search, the Court "must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id*. In this case, the Plaintiff claims that the Defendant touched his genital area during a routine pat-down search. No additional information is provided in the Plaintiff's complaint regarding the scope, manner, justification or place for the search. However, as a involuntarily committed person at MSOTC, Plaintiff is "subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004); *see also Bell v. Wolfish*, 441 U.S. 520 (1979) (visual body-cavity searches of pretrial detainees were not unreasonable based on legitimate security interests of institution); *Goff v. Nix*, 803 F.2d 358, 365-66 (8th Cir. 1986) (legitimate security concerns warrant searches of anal or genital areas of prisoners).

The MSOTC has a legitimate interest in maintaining order and protecting against physical danger, and that interest is promoted through pat-down searches. Although Plaintiff claims his genital area was touched, he does not describe how the touching was inappropriate given the context of a search of residents or that the search was in any way performed in an unreasonable manner. Furthermore, "[t]he Fourth Amendment does not require officers to use the least intrusive or less intrusive means to effectuate a search but instead permits a range of objectively reasonable conduct." *Shade v. City of Farmington*, 309 F.3d 1054, 1061 (8th Cir. 2002). Since

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff has claimed neither that the touching was unreasonable, nor that it was any more than necessary to effectuate the search, this Court can afford no legal remedy.

## IV.     QUALIFIED IMMUNITY

Government officials are entitled to qualified immunity against liability under 42 U.S.C. § 1983 for the performance of discretionary functions, unless their conduct violates a "'clearly established statutory or constitutional right of which a reasonable person would have known.'" *Davis v. Hall*, 375 F.3d 703, 711 (8th Cir. 2004) (*quoting Yowell v. Combs*, 89 F.3d 542, 544 (8th Cir. 1996). This Court analyzes whether an official is entitled to qualified immunity through "a two-step inquiry." *Ware v. Morrision*, 276 F.3d 385, 387 (8th Cir. 2002). The first step requires the court to consider whether the facts alleged, when viewed "in the light most favorable to the party asserting the injury," demonstrate that the Defendant violated a constitutional right. *Id*. If a constitutional right was violated, the Court will progress to the second step which requires an inquiry into "whether the constitutional right was clearly established." *Id*.

As noted above, Defendant did not violate the Fourth Amendment. Only unreasonable searches are prohibited by the Fourth Amendment. When balanced against the MSOTC's safety concerns, Defendant's search was neither unreasonable, nor was it any more than necessary to effectuate the search. Since Plaintiff cannot satisfy the first step of the qualified immunity analysis, the Court need not progress to the second step of the test. *Id.* Therefore, the Defendant is entitled to qualified immunity.

## V.     SUPPLEMENTAL JURISDICTION

Once claims over which a district court has original jurisdiction are dismissed, the Court has the discretion to exercise, or decline to exercise, supplemental jurisdiction. 28 U.S.C. §

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

1367(c)(3). In circumstances such as this, where all claims based on federal law have been dismissed and only claims based on state law remain, state claims are typically "dismissed without prejudice to avoid '[n]eedless decisions of state law. . . as a matter of comity.'" *ACLU v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999) (*quoting Birchem v. Knights of Columbus*, 116 F.3d 310 (8th Cir. 1997)). Furthermore, the federal court's resources are sparse when compared to the judicial resources of the states, which stresses "the need to exercise judicial restraint and avoid state law issues wherever possible." *Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000) (*citing Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). As a result, this Court declines to exercise supplemental jurisdiction in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss [doc. #8] is **GRANTED.** Plaintiff's claims under 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution are **DISMISSED WITH PREJUDICE**. The court declines to exercise supplemental jurisdiction over Plaintiff's claim under Mo. Rev. Stat. § 630.115. This claim is **DISMISSED WITHOUT PREJUDICE.**

So Ordered this 25th day of September, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com